UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DEWAYNE PITTMAN,<br><br>Plaintiff,<br><br>v.<br><br>SITEMETRIC, LLC.,<br><br>Defendant. | Case No. 25-cv-07707-PCP<br><br>**ORDER DISMISSING CASE** |

Pro se plaintiff Randy Dewayne Pittman filed this action against his former employer Sitemetric, LLC, alleging that Sitemetric terminated him in retaliation for on-the-job speech. Mr. Pittman has filed an application to proceed in forma pauperis—i.e., without paying the otherwise mandatory filing fee to initiate a lawsuit. For the reasons below, the Court grants Mr. Pittman's application. As required by 28 U.S.C § 1915(e)(2), the Court also screens Mr. Pittman's complaint and dismisses it with leave to amend.

## BACKGROUND

This case arises out of Mr. Pittman's former employment by defendant Sitemetric, LLC, a private business incorporated in Delaware. Mr. Pittman's complaint alleges that soon after he began working for Sitemetric, he sent two "motivational" emails to a large group of coworkers. He also "improved his security booth workspace" at Sitemetric "with personal materials." Initially, Mr. Pittman received "[p]ositive feedback" in response to this expression, including "praise" from Sitemetric's founder. That praise soon turned to reprimand, however, when a supervisor informed Mr. Pittman of "concern" from upper-level management "over his messaging." After Mr. Pittman again emailed Sitemetric's founder, his access to the company's systems was terminated and he was instructed "not to return to work pending an investigation." Sitemetric later terminated Mr.

Pittman "despite no complaints from coworkers or any misconduct."

This suit followed. Mr. Pittman claims that Sitemetric terminated him in retaliation for his speech in violation of the First Amendment; 42 U.S.C. §§ 1981 and 1985(3); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a); and the National Labor Relations Act (NLRA), 29 U.S.C. § 157. He also asserts a state common-law claim for wrongful termination in violation of public policy.

In his complaint, Mr. Pittman moved for a temporary restraining order enjoining Sitemetric from "[r]etaliating against [him] for exercising his speech rights; [i]nterfering with his employment references, background checks, or job prospects;" and "[t]aking further adverse actions, including publication of false allegations of misconduct." The Court previously denied Mr. Pittman's motion for a temporary restraining order because, in part, he failed to demonstrate that he is likely to succeed on the merits of any of his claims.

Mr. Pittman also filed a motion to proceed in forma pauperis, which states that he is unable to pay this Court's filing fee because, among other reasons, he was "last employed" in "August of 2014." Because that assertion appeared to contradict the allegations in Mr. Pittman's complaint concerning his recent employment with Sitemetric, the Court ordered Mr. Pittman to file a supplementary declaration explaining the inconsistency. In its order, the Court also explained that if it were to grant Mr. Pittman's application, it would then be required to screen his complaint pursuant to 28 U.S.C § 1915(e). Because Mr. Pittman's complaint failed to state a claim upon which relief may be granted, the Court offered Mr. Pittman an opportunity to amend his complaint to resolve the deficiencies. Mr. Pittman then filed a supplemental declaration explaining the inconsistent statements in his complaint and application to proceed in forma pauperis. He did not file an amended complaint.

**LEGAL STANDARD**

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed in forma pauperis if the plaintiff shows that they cannot afford the fees necessary to pursue an action. *See* 28 U.S.C. § 1915(a)(1). The Court, however, must screen every civil action brought in forma pauperis under § 1915 and must dismiss any case that is "frivolous or malicious," "fails to state a claim on which

2

1    relief may be granted," or "seeks monetary relief against a defendant who is immune from such

2    relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).

**ANALYSIS**

**I.     Mr. Pittman has satisfied the requirements to proceed in forma pauperis.**

As clarified by his supplementary declaration, Mr. Pittman's application to proceed in forma pauperis establishes that he is unable to pay the Court's filing fee due to a lack of employment, savings, or other financial resources. Pursuant to 28 U.S.C. § 1915(a)(1), the Court therefore grants his application to proceed in forma pauperis.

**II.    Mr. Pittman fails to state a claim upon which relief may be granted, requiring dismissal.**

Because Mr. Pittman is proceeding in forma pauperis, the Court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court must dismiss Mr. Pittman's complaint if it fails to state a claim on which relief may be granted. *Id.*; *see also Lopez*, 203 F.3d at 1126–27. The Court addresses each of Mr. Pittman's claims below.

First, Mr. Pittman claims that by terminating him in retaliation for his workplace speech, Sitemetric violated the Free Speech Clause of the First Amendment. "The Free Speech Clause does not prohibit private abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019). Thus, to succeed on this claim, Mr. Pittman must show that Sitemetric—a private corporation—"can qualify as a state actor." *Id.* at 809. Mr. Pittman argues that Sitemetric is a state actor because it performs a "public function" by virtue of its "control over access, ID scanning, and security operations." But while "[i]t is true that a private entity may be deemed a state actor when it conducts a public function, … the relevant function 'must be both traditionally and exclusively governmental.'" *Prager Univ. v. Google LLC*, 951 F.3d 991, 997 (9th Cir. 2020) (quoting *Lee v. Katz*, 276 F.3d 550, 555 (9th Cir. 2002)). "This test is difficult to meet," *id.*, and Mr. Pittman's allegations do not clear that high bar. He has not suggested that Sitemetric's control extends beyond private property to any public space. Nor has Mr. Pittman explained why controlling access, scanning IDs, or engaging in security operations are "traditionally the exclusive prerogative[s] of the [s]tate." *Prager Univ.*, 951 F.3d at 998 (quoting *Rendell-Baker v. Kohn*, 457

U.S. 830, 842 (1982)). He therefore has not stated a viable First Amendment claim.

Second, Mr. Pittman claims that Sitemetric abridged his "right to contract and employment" under 42 U.S.C. § 1981 because Sitemetric terminated him "for protected advocacy." Section 1981 prohibits race-based discrimination in making and enforcing contracts. *See Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003). Mr. Pittman has not alleged that his termination was based on race. For example, the complaint does not allege that Sitemetric treated any similarly situated individual of another race more favorably than Mr. Pittman. Nor does he allege that Sitemetric terminated him in retaliation for complaints about racial discrimination at the company, either against himself or against other employees. *See id.* at 800–01; *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1107–08 (9th Cir. 2008). Thus, his complaint fails to state a claim under § 1981.

Third, Mr. Pittman claims that Sitemetric's "leadership conspired to terminate [him] for advocating employee dignity, violating equal protection rights" under 42 U.S.C. § 1985(3). This claim fails because Mr. Pittman has sued only Sitemetric, not the company leaders who allegedly conspired. Even as to those leaders, Mr. Pittman does not "allege facts to support the allegation that [they] conspired together," and his "mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Further, § 1985(3) applies only to conspiracies "to deprive a[] person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (emphasis added). Mr. Pittman has not identified any manner in which his termination "for advocating employee dignity" interfered with his legal rights. Nor has he asserted that the alleged conspiracy was motivated by "invidiously discriminatory animus" based on race or some other suspect class, as required by § 1985(3). *See Schultz v. Sundberg*, 759 F.3d 714, 718 (9th Cir. 1985) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Fourth, Mr. Pittman claims that Sitemetric violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a), by retaliating against him for "opposing what he perceived as retaliation and inappropriate management practices." Title VII protects against retaliation based on protected activity. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013).

And to be protected, a plaintiff's activity must bear some relation to discrimination on the basis of a protected characteristic. *See id.*; *DeHoney v. Denny's, Inc.*, No. C 08-04092, 2010 WL 11703641, at *7 (N.D. Cal. May 6, 2010) (explaining that "the alleged retaliation" must be based on "activity prohibited by Title VII, *i.e.*, discrimination based on race, color, religion, sex, or national origin" (citing *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988))). Mr. Pittman has not alleged that the activity for which Sitemetric terminated him related in any way to discrimination on the basis of a protected characteristic, so he has not stated a claim for retaliation under Title VII.

Fifth, Mr. Pittman claims that Sitemetric violated sections 7 and 8 of the National Labor Relations Act, 29 U.S.C. § 157. As relevant here, section 7 protects the right of employees "to engage in … concerted activities for the purpose of collective bargaining or other mutual aid or protection." *Id.* Section 8, in turn, makes it illegal for an employer to interfere with employees' exercise of those rights. *Id.* § 158(a)(1). Mr. Pittman contends that section 7 protected his "motivational speech" and that his termination based on the speech therefore violated section 8. But employees have no private right of action to enforce sections 7 and 8 in federal court. Instead, the proper means for redressing violations thereof is to file a charge with the National Labor Relations Board. *See Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988). Because his NLRA claim cannot be pursued in federal district court, that claim also fails.

Finally, Mr. Pittman asserts a state common-law claim for wrongful termination in violation of public policy. The California Supreme Court has made clear that the policy underlying a wrongful-termination claim must be "delineated in constitutional or statutory provisions." *Silo v. CHW Med. Found.*, 45 P.3d 1162, 1166 (Cal. 2002). As already explained above, none of Mr. Pittman's other claims are viable, so the constitutional and statutory provisions underlying those claims cannot support his wrongful-termination claim. And while Mr. Pittman asserts that his termination violated other "public policies supporting speech, dignity, and fairness in the workplace," he has not connected those alleged policies to any specific constitutional or statutory provisions. Thus, his complaint does not state a wrongful-termination claim.

In sum, Mr. Pittman has not stated any claim upon which relief may be granted, so the

Court must dismiss his complaint. Although the Court previously alerted Mr. Pittman to the deficiencies in his complaint and provided him with an opportunity to amend but Mr. Pittman declined to amend, *see* Dkt. No. 6, the Court will nonetheless grant him one additional opportunity to file an amended complaint addressing the deficiencies identified in this order. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (instructing that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies," before the case is dismissed). Any amended complaint must be filed within 30 days of the date of this Order. If Mr. Pittman fails to file an amended complaint, his lawsuit will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants Mr. Pittman's application to proceed in forma pauperis and, after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), dismisses the complaint for failure to state a claim. The dismissal of his claims is without prejudice and with leave to amend.

**IT IS SO ORDERED.**

Dated: November 21, 2025

_____
P. Casey Pitts
United States District Judge